UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | 2:14-cr-00045-JDL-1 |
| ) | |
| JEROME HUDSON,   ) | |
| ) | |
| Defendant.   ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

On June 11, 2014, Jerome Hudson, who is proceeding pro se, pleaded guilty to one count of Possession of Ammunition by a Felon (Armed Career Criminal), 18 U.S.C.A. §§ 922(g)(1), 92(e)(1) (West 2022). Hudson was originally sentenced to a term of imprisonment of 216 months on October 20, 2014, followed by a term of five years of supervised release. Hudson was re-sentenced to a term of imprisonment of 180 months and five years of supervised release on February 1, 2017. He is currently incarcerated at USP Hazelton.

On June 30, 2022, Hudson filed a Motion for Compassionate Release (ECF No. 66) under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2022). An Order to Show Cause (ECF No. 69) issued on July 28, 2022, because Hudson failed to demonstrate extraordinary and compelling reasons to support his release. The Order to Show Cause gave Hudson 21 days to submit a written response to the Court. Initially, Hudson failed to file a timely response and his motion was denied on August 26, 2022 (ECF No. 70). However, Hudson informed the Court that he had attempted in good faith to comply with the Order to Show Cause deadline, and I granted an extension of time to respond (ECF No. 72). I reiterated that Hudson's response should explain (1) any objections

1

to the information contained in the Summary Report; (2) any other information relevant to the asserted extraordinary and compelling reasons underlying his Motion for Compassionate Release; and (3) why his release would be consistent with the sentencing factors from 18 U.S.C.A. § 3553(a) (West 2022).

On November 14, 2022, Hudson responded to the Order to Show Cause (ECF No. 75). He first objects to the Summary Report's characterization of his health care as "stable" because (1) he has "been fil[]ing Complaint[s] about the gross negligence of Health Services" provided to inmates; (2) he has not received a COVID-19 booster shot for over nine months; and (3) he has not received a response from Health Services about the results of a CT scan for the spot on his lung.[1] ECF No. 75 at 1. He further alleges that he has been requesting his medical records for "almost a year" but has not received them.[2] *Id.* He attaches two administrative complaints from July 5, 2022, and August 10, 2022, regarding an incident in which medical staff failed to respond after he experienced chest pains and numbness, and he reiterated in the administrative complaints that he still had not received the results from his CT scan. He also cites the rehabilitation programs that he has participated in during his incarceration and states that he has been working to better himself.

---

[1] The exhibits attached to Hudson's Motion for Compassionate Release confirm that he requested CT scans on January 14, 2022, February 9, 17, and 26, 2022. In his Response to the Order to Show Cause, he provided evidence of another request for follow-up on his CT scan on August 10, 2022, for which he has not received results.

[2] As this Court has noted before, "a motion for compassionate release is not the vehicle for an incarcerated individual to obtain administrative or judicial review of the alleged denial of medical care or services." *United States v. Benoit*, No. 2:16-CR-00070-JDL, 2020 WL 6487193, at *1, n.2 (D. Me. Nov. 4, 2020).

"'[T]he Court has broad discretion in deciding whether to grant or deny a motion for sentence reduction.'" *United States v. Slater*, 547 F. Supp, 3d 58, 70 (D. Me. 2021) (quoting *United States v. Curtis*, No. 1:14-cr-00140, 2020 WL 3104043, at *5 (D. Me. June 11, 2020)). The Court may exercise this discretion once it determines that a defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[3] 18 U.S.C.A § 3582(c)(1)(A) (West 2022). "The movant bears the burden of proving that he is entitled to a sentence reduction" and must show "that extraordinary and compelling reasons warrant such a reduction . . . and that [it] is consistent with applicable policy statements issued by the Sentencing Commission." The Court must also consider the factors set forth in 18 U.S.C.A. § 3553(a). *Id.*

Here, Hudson has not shown an extraordinary and compelling reason to support his release and his response does not address the sentencing factors from 18 U.S.C.A. § 3553(a) that I must consider in reaching my decision. *See* 18 U.S.C.A. § 3582(c)(1)(A). He contends that "my only extraordinary and compelling reasons is me and other inmate[s] are not getting good health care" and that he "[doesn't] really know to[o] much about the sentencing factors." ECF No. 75 at 1.

---

[3] The record shows that Hudson's initial Reduction in Sentence Request was denied by the Warden on January 28, 2022, and his appeal through the Administrative Remedy Process was denied on March 7, 2022. The denial informed him that he could appeal within 20 days, but there is no indication on the record that he filed such an appeal. Generally, courts must enforce the exhaustion of administrative remedies if the Government properly raises an objection based on a defendant's failure to comply, but such objections can be waived or forfeited. *See United States v. Calhoun*, No. 2:15-cr-00056-JDL-1, 2020 U.S. Dist. LEXIS 117527, at *5-6 (D. Me. July 1, 2020). Here, I consider any objection based on administrative exhaustion waived because the Government has not objected.

The record shows that Hudson has a history of various medical conditions, including COPD and hypertension, and that he has a mass in his lung—a condition that was identified almost 10 years ago.  However, he has not demonstrated that he suffers from a severe or debilitating medical condition, nor has he shown that any of his conditions put him at a heightened risk of severe illness or death from COVID-19.  On the contrary, the Summary Report indicates that his health is stable and that he is receiving chronic care, and his Individualized Needs Plan shows that he has no medical restrictions.  While the mass in his lung may be an indication of a more serious underlying medical condition, the possibility of such a diagnosis in the future does not constitute an extraordinary and compelling reason.  *See United States v. Benoit*, No. 2:16-cr-00070-JDL, 2020 WL 6487193 (D. Me. Nov. 4, 2020).  Should Hudson obtain additional evidence of a serious underlying condition, he is free to renew his request for compassionate release.

Accordingly, it is **ORDERED** that Hudson's Motion for Compassionate Release (ECF No. 66) is **DENIED**.

**SO ORDERED.**

Dated:  December 6, 2022

　　　　　　　　　　　　　　　　　　　/s/ JON D. LEVY
　　　　　　　　　　　　　　　　　　**CHIEF U.S. DISTRICT JUDGE**