UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEROME HUDSON, | ) | |
| | ) | |
|    Petitioner. | ) | |
| | ) | |
|         v. | ) | 2:14-cr-00045-JDL-1 |
| | ) | 2:22-cv-00352-JDL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Respondent. | ) | |

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

On June 11, 2014, Petitioner Jerome Hudson pleaded guilty to one count of Possession of Ammunition by a Felon (Armed Career Criminal), 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 2014) (No. 2:14-cr-00045-JDL-1, ECF No. 22). Hudson was sentenced on October 20, 2014, to a term of imprisonment of 216 months followed by five years of supervised release. Hudson timely appealed to the First Circuit (ECF No. 35), arguing that two of his prior convictions did not constitute predicate offenses under the Armed Career Criminal Act ("ACCA"). *United States v. Hudson*, 823 F.3d 11, 14 (1st Cir. 2016). The First Circuit affirmed the judgment in part, vacated in part Hudson's sentence based on the Court's calculation of the Guidelines sentencing range, and remanded for resentencing. *Id.* at 13, 20.

On February 1, 2017, the Court resentenced Hudson to a term of imprisonment of 180 months followed by five years of supervised release (ECF No. 52). On February 5, 2018, Hudson filed a Motion to Extend Time to File a Section 2255 Petition (ECF No. 57), which United States Magistrate Judge John C. Nivison dismissed without

prejudice (ECF No. 58) because Hudson had not filed a section 2255 petition prior to or concurrent with his request for an extension. Hudson filed a second Motion to Extend Time/Request for Clarification (ECF No. 60) on April 2, 2018, seeking an update on the status of his request for an extension, which Judge Nivison also dismissed (ECF No. 61). Hudson submitted another filing with the Court (ECF No. 62), which was treated as an objection to Judge Nivison's Orders. The Court affirmed Judge Nivison's dismissal of Hudson's request for an extension on June 29, 2018 (ECF No. 63). On November 7, 2022, Hudson, proceeding pro se, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2022) (ECF No. 73).

Hudson sets forth four grounds for his motion. First, he argues that the Court erred in determining that his conviction for possession with intent to distribute qualified as a "serious drug offense" under the ACCA because cocaine-related convictions categorically cannot qualify as serious drug offenses under the ACCA due to a change in the law.[1] Second, Hudson argues that his attorney failed to provide effective assistance of counsel because the attorney did not move to suppress evidence obtained by the police officers in the course of an allegedly unconstitutional search. Third, Hudson contends that his assault with a dangerous weapon conviction did not

---

[1] Hudson raised a related argument on direct appeal to the First Circuit based on the bifurcated nature of his sentence provided for in the Massachusetts statute. *Hudson*, 823 F.3d at 14-15. He now argues that under the rationale of *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), the presence of ioflupane means that a cocaine related conviction does not qualify as a "serious drug offense." However, the Eleventh Circuit's decision has since been vacated and as such is not a change in law. *See generally United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), *vacated,* No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), *and superseded,* 55 F.4th 846 (11th Cir. 2022). Moreover, a change of law in the Eleventh Circuit is not binding on this Court.

constitute a predicate offense under the ACCA, stating that "reckless offense[s] cannot so qualify as a violent felony."[2] ECF No. 73 at 6. Finally, Hudson argues that the record supporting his prior assault with a dangerous weapon conviction insufficiently proved that he had committed a prior violent felony, and that this Court "abused its discretion by admitting documents that [were] not Shepard approved."[3] ECF No. 73 at 8. To explain the delay in filing his motion, Hudson alleges that he lost "all [his] [l]aw work and property" after he was transferred to a federal facility in California, that he "could not read or spell" then but "[n]ow [he] can," and that he is "exercis[ing his] due dil[]igence." ECF No. 73 at 10.

The Government filed its Response (ECF No. 78) on January 9, 2023, responding to each of Hudson's arguments and contending that, in any event, his motion is untimely because it was filed after the statutory period lapsed.

## I. LEGAL ANALYSIS

Title 28 U.S.C.A. § 2255 provides, in relevant part, that motions must be filed within one year from "the date on which the judgment of conviction becomes final."[4] 28 U.S.C.A. § 2255(f)(1). When a petitioner has filed a writ of certiorari to the

---

[2] This argument was raised in Hudson's direct appeal to the First Circuit and was rejected. *Hudson*, 823 F.3d at 15-18.

[3] This argument was raised in Hudson's direct appeal to the First Circuit and was rejected. *Hudson*, 823 F.3d at 15 n.6.

[4] Section 2255(f)(2), (3) and (4) are inapplicable to the circumstances of Hudson's motion. Although Hudson may be arguing that his circumstances comport with subsection (4)—requiring the statutory period to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"—that provision does not apply here. 28 U.S.C.A. § 2255(f)(4). His assertion that he is exercising due diligence in *filing* the petition does not, by extension, support a finding that, through the exercise of due diligence, he discovered additional *facts* supporting his claim at some date within one year prior to the filing of his petition.

3

Supreme Court, "a conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such a petition is denied." *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006); *see also Butterworth v. United States*, 775 F.3d 459, 468 (1st Cir. 2015) (finding that defendant's "judgment of conviction became final on . . . the day the Supreme Court denied his petition for certiorari"). Accordingly, the statutory period in Hudson's case began to run when the Supreme Court denied certiorari on January 9, 2017, *Hudson v. United States*, 137 S. Ct. 620 (2017) (mem.), and the deadline for Hudson to file his section 2255 petition was one year from that date.[5] However, Hudson did not file his petition until November 7, 2022. Accordingly, Hudson's petition is time-barred unless equitable tolling of the statute of limitations is warranted.

Equitable tolling can, in "exceptional circumstances," warrant extending the statute of limitations period for section 2255 petitions. *Ramos-Martínez v. United States*, 638 F.3d 315, 321-22 (1st Cir. 2011) (quoting *Neverson v. Farquharson*, 366 F.3d 32, 40 (1st Cir. 2004)). "A court's power to invoke equitable tolling must be exercised on a 'case-by-case basis.'" *Dixon v. United States*, 729 F. App'x 16, 19 (1st Cir. 2018) (quoting *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010)). The "power to invoke equitable tolling . . . should be exercised 'sparingly.'" *Id.* (quoting *Neverson*, 366 F.3d at 42). Equitable tolling "is reserved for cases in which circumstances

---

[5] As the Government noted in its opposition to Hudson's motion, even if the one-year statute of limitations began to run after the expiration of the fourteen-day period in which Hudson could have filed an appeal of the Amended Judgment, *see* Federal Rule of Appellate Procedure 4(b)(1)(A)(1), the petition filing deadline would have been one year later: February 15, 2018.

beyond the litigant's control have prevented him from promptly filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002).  A petitioner bears the burden of showing that equitable tolling is warranted and must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To meet this burden, a petitioner must act "as diligently as reasonably could have been expected under the circumstances," *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003), both before and after the "extraordinary circumstances" prevented him from timely filing, *Pace*, 544 U.S. at 419; *see also Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020).  A petitioner must also "provide details of the specific actions taken toward filing the petition" and explain how his efforts to timely file were thwarted by circumstances beyond his control.  *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir.), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006).

Circumstances beyond a petitioner's control may include situations in which "the claimant was materially misled into missing the deadline," *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001) (quoting *Fradella v. Petricca*, 183 F.3d 17, 21 (1st Cir. 1999)), or instances of sufficiently egregious attorney behavior, *see, e.g.*, *Baldayaque*, 338 F.3d at 152.  However, even for pro se litigants, "[i]gnorance of the law alone . . . does not excuse an untimely filing," *id.*, and "[t]he usual problems inherent in being incarcerated do not justify equitable tolling."  *Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) (quoting *Baldayaque*, 338 F.3d at 152).

The Court may consider a petitioner's "limited education and lack of familiarity with the English language[,]" along with other factors, to determine whether equitable tolling is warranted. *Ramos-Martinez v. United States*, 638 F.3d 315, 324 (1st Cir. 2011). However, a petitioner's illiteracy, standing alone, may not constitute "extraordinary circumstances," *see, e.g.*, *Rawlins v. Newton-Embry*, 352 F. App'x 273, 275 (10th Cir. 2009), and lack of access to legal resources or personal paperwork is generally insufficient to warrant equitable tolling.[6] *See, e.g.*, *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (concluding that the petitioner's transfer to a county jail and lack of access to his legal files did not constitute extraordinary circumstances and that the petitioner failed to explain how lack of access to his legal files prevented him from filing a timely petition).

A petitioner's complete lack of access to legal paperwork may warrant equitable tolling in limited circumstances; however, as explained above, the petitioner must also demonstrate that he exercised reasonable diligence in pursuing his rights. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (concluding that petitioner failed to show reasonable diligence or explain how "lack of access to his materials was an extraordinary circumstance that caused him to file his petition almost a year late"); *Dodd v. United States*, 365 F.3d 1273, 1276, 1283 (11th Cir. 2004) (concluding that a petitioner did not attempt to obtain access to his paperwork or seek assistance of counsel during a temporary prison transfer, and did

---

[6] Although intentional confiscation of a petitioner's legal papers by a corrections officer has been held to be "extraordinary as a matter of law," *see Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000), Hudson has not alleged that he was intentionally deprived of access to his legal files.

not exercise due diligence in attempting to file his petition within the one-year period once he regained access to his paperwork), *aff'd*, 545 U.S. 353 (2005).

Here, although it appears that Hudson attempted to pursue his rights when he filed two motions requesting additional time to file his petitions in February and April 2018, Hudson does not explain why he waited until November 2022, nearly five years after the statute of limitations lapsed, to file his petition. He also does not provide specific details as to whether he took reasonable steps to file the petition after the one-year statute of limitations period had expired. In that intervening time, Hudson, proceeding pro se, filed a Motion to Appoint Counsel (ECF No. 64) on November 18, 2021, and a Motion for Compassionate Release (ECF No. 66) on June 30, 2022, demonstrating that he was capable of filing motions with this Court but nevertheless delayed filing his section 2255 petition. Accordingly, Hudson has not shown reasonable diligence in pursuing his rights.

As to whether Hudson has shown "extraordinary circumstances" that prevented him from timely filing his petition, Hudson asserts that he lost his legal paperwork when he was transferred to a federal facility in California in December 2017 and could not read and write prior to the deadline. Although these factors were undoubtedly beyond Hudson's control, as discussed above, they do not rise to the level of "extraordinary circumstances" that warrant equitable tolling, particularly because Hudson has not shown that he exercised reasonable diligence in pursuing his rights.

Accordingly, because Hudson did not exercise reasonable diligence in pursuing his rights and because the factors contributing to his delayed filing do not constitute

"exceptional circumstances" that warrant equitable tolling of the statute of limitations, Hudson's motion is time barred.

## II.  CONCLUSION

It is therefore **ORDERED** that Hudson's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 73) is **DENIED**.  It is further **ORDERED** that no certificate of appealability shall issue in the event that Hudson files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C.A. § 2253(c)(2) (West 2022).

**SO ORDERED.**

**Dated this 3rd day of May, 2023**

                                                    /s/ Jon D. Levy
                                    **CHIEF U.S. DISTRICT JUDGE**